a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MATTHEW JOSEPH JONES #40373-074,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-01472<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| POLLOCK BUREAU OF PRISONS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint by pro se Plaintiff Matthew Joseph Jones ("Jones") filed pursuant to B*ivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971). Jones is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Fairton Federal Correctional Institution in Fairton, New Jersey. Jones complains that his constitutional rights were violated when he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

Because Jones fails to state a claim under *Bivens*, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Jones alleges that his constitutional right to be free from cruel and unusual punishment was violated on June 6, 2021, when he was attacked by prisoners at USP-

1

Pollock. ECF No. 1 at 3. Jones states that he was stabbed and beaten with padlocks, resulting in severe and serious injuries. *Id.* at 5-6.

Jones asserts that the officers on duty were negligent and "not doing their job." ECF No. 1 at 8, 10.

## II. Law and Analysis

### A. Jones's Complaint is subject to preliminary screening.

As a prisoner seeking redress from an officer or employee of a governmental entity, Jones's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B.     Jones fails to state a claim under *Bivens.*

*Bivens* recognized an implied cause of action against federal employees for unreasonable searches and seizures in violation of the Fourth Amendment. *Bivens*, 403 U.S. at 389. Thereafter, the United States Supreme Court extended *Bivens* in only two more cases: *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), recognizing a cause of action under the Due Process Clause of the Fifth Amendment for a female employee who was terminated based on her gender, and *Carlson v. Green*, 446 U.S. 14, 16–18 (1980), recognizing a cause of action under the Eighth Amendment for a deceased prisoner who was deprived medical attention by prison officers who knew of his serious medical condition. *See Ziglar v. Abbasi,* 137 S. Ct. 1843*,* 1855 (2017) ("These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."). "Virtually everything else is a 'new context'" and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the *Bivens* trilogy 'is still an extension.'" *Stone Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021) (quoting *Oliva*, 973 F.3d at 442 (citations omitted)).

In recent decades, the Supreme Court has "consistently refused to extend *Bivens* to any new context." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *accord Abbasi*, 137 S. Ct. at 1857 (noting that the Supreme Court has refused to recognize new *Bivens* actions "for the past 30 years" and listing a series of cases involving such refusals).

As the United States Court of Appeals for the Fifth Circuit noted:

3

> In *Abbasi*, the Court stated that "[w]hen a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis. The question is who should decide whether to provide for a damages remedy, Congress or the courts?" 137 S. Ct. at 1857 (internal quotation marks and citation omitted). "The answer," the Court concluded, "most often will be Congress." *Id*. This is because "[i]n most instances . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id*. (cleaned up). As a result, "the Court has urged caution before extending *Bivens* remedies into any new context." *Id*. (internal quotation marks and citation omitted). Indeed, "expanding the *Bivens* remedy is now considered a disfavored judicial activity." *Id*. (internal quotation marks and citation omitted).

*Butler v. S. Porter*, 999 F.3d 287, 293 (5th Cir. 2021).

Because *Bivens* is a judicially crafted remedy, and not statutory like 42 U.S.C. § 1983, the Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021) (citing *Abbasi*, 137 S. Ct. at 1843). Courts should consider: (1) whether the case "presents a new context"; and (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity) (internal quotations and citations omitted).

Jones's demand for damages for injuries sustained from a prison assault due to officers' negligence differs significantly "from the *Bivens* trilogy of actions sanctioned by the Supreme Court. . ." and is foreclosed by *Abbassi*. *Stone*, 2021 WL 2936055 at *5 (citing *Abbasi*, 137 S. Ct. at 1859, 1865) (*Carlson* only recognized an implied damages remedy under the Eighth Amendment for "failure to provide medical treatment.")).

As this claim presents a new *Bivens* context, the Court must consider whether there are special factors present that counsel hesitation. The PLRA suggests hesitation because Congress omitted any damages remedy against federal prison employees. *See Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 686 (5th Cir. 2021).

The BOP's Administrative Remedy Program provides an alternative remedial process for inmates. *See Dudley*, 2020 WL 532338, at *8; *Brunson v. Nichols*, 2018 WL 7286410, at *3 (W.D. La. Dec. 7, 2018). Additionally, the Federal Tort Claims Act ("FTCA")[1], provides a potential, alternative remedy, and militates against expansion of a *Bivens* remedy. *See Abbasi*, 137 S. Ct. at 1865 ("the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action."); *Stone v. Wilson*, 4:20-CV-406, 2021 WL 2936055, at *7 (N.D. Tex. July 13, 2021). "[If] Congress has created 'any alternative, existing process for protecting the [injured party's] interests' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages'" *Abassi*, 137 S. Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2000)).

Separation-of-powers concerns and the administration of the federal prison system also counsel against extending *Bivens*. *See Butler v. S. Porter*, 999 F.3d 287, 295 (5th Cir. 2021); *see also Stone v. Wilson*, 4:20-CV-406, 2021 WL 2936055, at *7

---

[1] The FTCA waives the Government's sovereign immunity from tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).

(N.D. Tex. July 13, 2021); *Sherriff v. Christian*, 2021 WL 1968305, at *8 (N.D. Tex. Apr. 30, 2021).

The existence of even one special factor counseling hesitation requires that a court refrain from an expansion of *Bivens*. *See Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). Here, multiple factors counsel hesitation. And other courts post-*Abbasi* have held that *Bivens* will not be extended to reach "non-medical care conditions of confinement" claims,[2] including failure to protect claims.[3] Thus, Jones cannot pursue an Eighth Amendment failure to protect claim under *Bivens*.

## III. Conclusion

Because Jones fails to state a claim for which relief can be granted IT IS RECOMMENDED that his Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[2] *See Menard v. Mansi*, No. 21-cv-2130, 2021 WL 2156366, *4 (E.D. Pa. May 27, 2021) (citations omitted); *Hill v. Lappin*, No. 3:11-cv-1609, 2021 WL 2222725, *3 (M.D. Pa. Jun. 2, 2021) (noting that although courts "in the wake of *Abbasi*" initially did not *sua sponte* consider whether conditions-of-confinement claims remained viable, "[a]s the dust settles, however, and courts began to appreciate *Abbasi*'s watershed scope, the better-reasoned authority has declined to recognize a *Bivens* remedy for Eighth Amendment conditions-of-confinement. . . claims.").

[3] *Nunez v. Jones*, 1:16CV34, 2022 WL 620337, at *3 (E.D. Tex. Feb. 9, 2022), *report and recommendation adopted*, 1:16-CV-34, 2022 WL 619651 (E.D. Tex. Mar. 1, 2022); *Brooks v. Hawkins*, 2022 WL 350726, at *2 (S.D. Miss. Jan. 14, 2022); *Dudley v. United States*, 4:19-CV-317, 2020 WL 532338 (N.D. Tex. Feb. 3, 2020).

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, October 3, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE